UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CLAYTON G. WALKER,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE BARNETT, Secretary of State, MARCIA HOLTMAN, Department of Labor, UNITED STATES OF AMERICA, and UNKNOWN FEDERAL EMPLOYEES,<br><br>Defendants. | 4:20-CV-04059-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES AND 1915A SCREENING FOR SERVICE |

Plaintiff, Clayton G. Walker, filed a pro se civil rights lawsuit under 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. Docket 1 at 2, 6. Walker moves for leave to proceed without prepayment of fees and included a financial affidavit. Docket 2. He moves for summons, oral argument, appointment of counsel, and multiple "declared emergencies[.]" Dockets 3, 5, 7, 8, 12, 15.

I. **Motion for Leave to Proceed without Prepayment of Fees**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in

forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Walker's financial affidavit, the court finds that Walker has insufficient funds to pay the filing fee. Thus, Walker's motion for leave to proceed without prepayment of fees (Docket 2) is granted.

## II.   1915A Screening

### A.   Factual Background

The facts alleged in Walker's complaint are: Walker is trying to circulate a petition to be placed on the 2020 ballot for the United States Senate. Docket 1 at 2. Because of the recent spread of COVID-19 and the fear of South Dakota residents, Walker has been unable to circulate his petition. *Id.* Walker claims that he has been denied an alternative route (electronic petition) to circulate his petition by the Secretary of State, Steve Barnett. *Id.* He claims that Barnett and the Unknown Federal Employees' failure to act has hindered his ability to "gain access to the ballot for United States Senate." *Id.* Walker also alleges that the "[u]nknown federal officials did not act fast enough when changing the Federal Elections or helping candidate Clayton Walker." *Id.*

Walker claims that the Department of Labor, Marcia Holtman, has delayed his workers' compensation/treatment, also aiding in his inability to

2

access the ballot. *Id.* Walker seeks an injunction for access to the ballot or for a total of $1,044,000 dollars. *Id.* at 3. He claims that his voting rights and civil rights are being violated by defendants. *Id.* at 4.

### B.   Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either

direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### C. Legal Analysis

#### 1. Claims Against the United States of America

Walker names the United States of America as a defendant. Docket 1 at 2. "The United States and its agencies are generally immune from suit." *Walker v. Shafer*, No. 5:16-CV-05121-JLV, 2018 WL 813420, at *3 (D.S.D. Feb. 9, 2018) (holding that "sovereign immunity shields the Federal Government and its agencies from suit.")). The United States must waive its sovereign immunity for the district court to have jurisdiction over a claim. *Id.* Because Walker does not demonstrate a waiver of sovereign immunity, his claims against the United States of America are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

#### 2. Claims Against Unknown Federal Employees

Walker appears to be bringing a *Bivens* action against Unknown Federal Employees based on their failure to assist him in gaining access to the ballot for United States Senate. Docket 1 at 1. Walker does not identify

4

whether this claim is based on a violation of the United States Constitution or the violation of a federal statute. To determine whether the unknown federal employees can be sued for damages under *Bivens*, the United States Supreme Court has directed courts to apply the analytic framework in *Chappell v. Wallace,* 462 U.S. 296 (1983). *See Ziglar v. Abbasi,* 137 S. Ct. 1843, 1859 (2017).

In *Chappell*, the Supreme Court observed that the courts must first determine whether a case presents a new *Bivens* context and if it does, whether there are special factors that counsel hesitation. *Chappell*, 462 U.S. at 298. In *Ziglar*, the Supreme Court held that "[t]he proper test for determining whether a case presents a new *Bivens* context is as follows. If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new." *Ziglar,* 137 S.Ct. at 1859. The Supreme Court has approved only three *Bivens* claims in the past: "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmates asthma." *Id.* at 1860 (citations omitted). The claim made by Walker here bears little resemblance to the three *Bivens* claims the Supreme Court has approved in the past. Thus, this is a new *Bivens* context and the court needs to apply the special factors analysis before allowing this damages suit to proceed.

After considering the special factors, the court finds that the remedy Walker is seeking against the unknown Federal employees is in essence a change in policy—to allow him to be placed on the ballot without circulating petitions because of his health concerns arising from COVID-19. But "a *Bivens* action is not a 'proper vehicle for altering an entity's policy.' " *Id.* at 1860 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)). Additionally, this claim is in essence questioning the formulation and implementation of general policy. These consequences also counsel against a *Bivens* action against an individual federal employee. *See id.* Furthermore, the United States Supreme "Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857. After considering all the special factors, this court finds that the United States Supreme Court would not extend the *Bivens* remedy to Walker's claim here. As a result, this claim against the Unknown Federal Employees is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

   3.  **Claims against Barnett and Holtman**

Walker claims that Barnett and Holtman (both employed by the State of South Dakota) have failed to act and have deterred his ability to access the ballot for the United States Senate. Docket 1 at 2-3.[1] He seeks monetary

---

[1] Because Walker has not specified in what capacity he is suing Barnett and Holtman, this court treats the claims against them as only in their official capacities. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

damages and injunctive relief. *Id.* at 3. The Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan,* 555 U.S. 223, 242-43 (2009).

Because the state of South Dakota has not waived its sovereign immunity, Walker's claims against defendants Barnett and Holtman in their official capacities for monetary damages are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). At this time, the court cannot say the complaint against Barnett and Holtman in their official capacities for injunctive relief is wholly without merit and directs Walker's complaint to be served on Barnett and Holtman.

### III.  Motion for Appointment of Counsel

Walker filed a motion to appoint counsel. Docket 8. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." "[T]he appointment of counsel should be given

7

serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

When determining whether to appoint counsel to a pro se litigant, the court will look at the factual and legal complexity of the claims. The Eighth Circuit considers: "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (holding that the district court erred when it denied plaintiff's motion for counsel solely because the plaintiff did not raise factually complex issues)). Walker asserts that he gets dizzy and has migraines that make litigating this case as a pro se plaintiff unfair. Docket 8 at 1. Walker's claims do not appear to be factually or legally complex. Because this court believes Walker can adequately present his claims at this time, his motion to appoint counsel (Docket 8) is denied.

**IV.    Motions for "Declared Emergency"**

Walker moves for this court to declare an emergency. Dockets 5, 12, 15. Walker does not state any legal precedent for the court's ability to declare an emergency and has not submitted a brief to support his motion to comply with this court's Local Civil Rule 7.1(B). Walker's motions for a "declared emergency" (Dockets 5, 12, 15) are denied.

8

### V.     Motion for Oral Argument

Walker moves for oral argument. Docket 7. Because defendants have not been served and have not had the opportunity to answer, Walker's motion for oral argument (Docket 7) is premature and denied.

Thus, it is ORDERED:

1. That Walker's motion for leave to proceed without prepayment of fees (Docket 2) is granted.

2. That Walker's claims against the United States of America and Unknown Federal Employees are dismissed under 28 U.S.C. §§1915(e)(2)(B)(i-ii) and 1915A(b)(1).

3. That Walker's claims against Steve Barnett and Marcia Holtman for monetary damages are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). Walker's claims against Barnett and Holtman for injunctive relief survive screening.

4. The Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Walker so that he may cause the complaint to be served upon defendants Barnett and Holtman.

5. Walker shall complete and send the Clerk of Courts a separate summons and USM-285 form for Barnett and Holtman. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and

       USM-285 form are not submitted as directed, the complaint may be dismissed.

6. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon the defendants.

7. Defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the Defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

8. Walker will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

9. Walker's motion for appointment of counsel (Docket 8) and motions for declared emergency (Dockets 5, 12, 15) are denied. Walker's motion for summons (Docket 3) is denied as moot.

Dated May 19, 2020.

                  BY THE COURT:

                  /s/ Karen E. Schreier
                  KAREN E. SCHREIER
                  UNITED STATES DISTRICT JUDGE